UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60719-LEIBOWITZ/AUGUSTIN-BIRCH

**GEORGE RONALD COPELAND,** *et al.*,

    **Plaintiffs,**

v.

**BDC UNITED LLC,** *et al.*,

    **Defendants.**

_____/

**REPORT AND RECOMMENDATION ON
<u>PLAINTIFFS' VERIFIED MOTION FOR DEFAULT JUDGMENT</u>**

This cause comes before the Court on Plaintiff George Ronald Copeland, Bernadin Etiene, Lester Delgado, and Rusty Barefoot's Verified Motion for Default Judgment. DE 64. The Honorable David S. Leibowitz, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 66. Because of apparent mathematical mistakes in Plaintiffs' affidavits, the Court held a hearing on June 5, 2025, to obtain clarification from Plaintiffs and Plaintiffs' counsel regarding how they calculated their damages. Having carefully considered the Motion, the record, Plaintiffs' affidavits, and the statements made during the June 5th hearing and being otherwise fully advised in the premises, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiffs' Motion for Default Judgment [DE 64].

**I. Background**

In their Complaint, Plaintiffs allege that Defendant BDC United LLC is a car marketing business and that Defendants Melanie Cahow and Joseph Callejo are the owners and/or managers

of the business. DE 1 ¶¶ 15–17. Plaintiffs further aver that Plaintiff Copeland worked as a chief operating officer for Defendants, Plaintiff Etiene worked as a sales representative for Defendants, Plaintiff Delgado worked as quality control for Defendants, and Plaintiff Barefoot worked as a sales representative and quality control for Defendants. *Id.* ¶¶ 18–21. Lastly, Plaintiffs claim that Defendants failed to pay Plaintiffs Copeland and Etiene's full and proper minimum and overtime wages and that Defendants failed to pay Plaintiffs Delgado and Barefoot's full and proper overtime wages. *Id.* ¶¶ 22–27.

As such, Plaintiff Copeland seeks $81,945.65—comprised of $13,412.43 in unpaid minimum wages, $27,560.40 in unpaid overtime wages, and $40,972.83 in liquidated damages—from Defendants under the Fair Labor Standards Act ("FLSA").[1] DE 1-3. Plaintiff Etiene seeks $6,123.30—comprised of $1,317.36 in unpaid minimum wages, $1,744.29 in unpaid overtime wages, and $3,061.65 in liquidated damages—from Defendants under the FLSA. DE 1-4. Plaintiff Delgado seeks $24,680.73—comprised of $12,430.36 in unpaid overtime wages and $12,430.36 in liquidated damages—from Defendants under the FLSA.[2] DE 1-5. And Plaintiff Barefoot seeks $23,790.66—comprised of $11,895.33 in unpaid overtime wages and $11,895.33 in liquidated damages—from Defendants under the FLSA. DE 1-6.

Defendants answered Plaintiffs' Complaint. DE 16. However, after counsel for Defendants withdrew from the case and Defendant BDC United, a corporation unable to proceed pro se, failed to obtain substitute counsel, Judge Leibowitz ordered the Clerk's Office to enter a default as to Defendant BDC United. DE 33; DE 42. And after Defendants Cahow and Callejo failed to appear for a status conference before Judge Leibowitz and failed to respond to Judge Leibowitz's order

---

[1] The total damages Plaintiff Copeland seeks is one penny shy of the sum of all his claimed damages.

[2] The total damages Plaintiff Delgado seeks is one penny shy of the sum of all his claimed damages.

2

to show cause regarding their failure to appear at that status conference, Judge Leibowitz permitted Plaintiffs to move for a clerk's entry of default as to Defendants Cahow and Callejo as a sanction for their disregard of Court orders. DE 57; DE 58. Plaintiffs subsequently moved for, and obtained, a clerk's entry of default as to Defendants Cahow and Callejo. DE 59; DE 60. Thereafter, Plaintiffs filed the present Verified Motion for Default Judgment. DE 64. Defendants have not responded to the Motion, and the time for them to do so has passed.[3]

## II. Liability

"When a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). "While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* at 1245 (alteration and quotation marks omitted). "Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Id.* (quotation marks omitted). That is to say, a complaint must be able to survive a motion to dismiss for failure to state a claim in order for the plaintiff to obtain a default judgment. *Id.* ("[W]e have subsequently interpreted the [sufficient basis] standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim."); *see also Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) ("[A] default judgment cannot stand on a complaint that fails to state a claim.").

To establish a claim for unpaid minimum and overtime wages under the FLSA, Plaintiffs must demonstrate that: (1) Defendants employed them, (2) either they were engaged in interstate commerce or Defendants were an enterprise engaged in interstate commerce, and (3) they were not paid minimum and overtime wages. *See, e.g.*, *Moore v. King Game, Inc.*, No. 19-21391-CIV,

---

[3] The Court notes that Defendants Cahow and Callejo appeared at the June 5th hearing. DE 71.

2021 WL 4295400, at *2 (S.D. Fla. Feb. 24, 2021), *report and recommendation adopted*, No. 19-21391-CIV, 2021 WL 4290870 (S.D. Fla. Sept. 21, 2021); *Wallace v. The Kiwi Grp., Inc.,* 247 F.R.D. 679, 682 (M.D. Fla. 2008); *Harding-bey v. Pathways Therapy Servs., LLC*, No. 6:20-CV-1110-ACC-LRH, 2021 WL 1894603, at *3 (M.D. Fla. Apr. 20, 2021), *report and recommendation adopted*, No. 6:20-CV-1110-ACC-LRH, 2021 WL 1893968 (M.D. Fla. May 11, 2021). The Complaint meets each of these requirements.

Specifically, by their default, Defendants have admitted the following well-pled allegations in the Complaint. First, Plaintiffs allege that Defendants were their employers and that Defendants Cahow and Callejo had operational control over Defendant BDC United, DE 1 ¶¶ 2, 15–16, which makes Defendants Cahow and Callejo jointly and severally liable under the FLSA. *See Wallace*, 247 F.R.D. at 682 (explaining that a corporate officer with operational control of a corporation is an employer along with the corporation and is jointly and severally liable for any FLSA violations). Second, Plaintiffs aver that enterprise coverage exists on account of Defendant BDC United having over $500,000 in gross sales or business generated and employees who handle, sell, or otherwise work on goods or materials that were moved in or produced for commerce, such as computers, phones, pens, and paper.[4] DE 1 ¶¶ 4–5; s*ee Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) ("An employer falls under the enterprise coverage section of the FLSA

---

[4] Although Plaintiffs only alleged, upon information and belief, that Defendant BDC United generated over $500,000 in gross revenue annually, such an allegation is sufficient to survive a motion to dismiss. *See, e.g.*, *Williams v. Core Energy Inc.*, No. 1:22-21570-Civ, 2023 WL 5677543, at *4 (S.D. Fla. Aug. 3, 2023) ("To meet the second element, a plaintiff may simply allege that on 'information and belief' the enterprise has an annual gross revenue of at least $500,000."), *report & recommendation adopted*, 2023 WL 5676896 (S.D. Fla. Sept. 4, 2023); *Roberts v. Caballero & Castellanos, PL*, No. 09-23131-CIV, 2010 WL 114001, at *3 (S.D. Fla. Jan. 11, 2010) (finding information and belief allegation about gross revenue of defendants sufficient for plaintiff to demonstrate enterprise coverage and noting that the issue of defendants' gross sales "are issues more appropriately determined at the summary judgment stage"); *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) ("The Court also rejects Defendants' call for more particular allegations as to the $500,000 gross annual revenue requirement for enterprise coverage. . . . Plainly, [plaintiff] need not know for certain, nor prove, that [defendant] has annual gross revenues exceeding $500,000 at the pleading stage, especially since that information is likely in Defendants' hands, not his.").

if it 1) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and 2) has at least $500,000 of annual gross volume of sales made or business done." (quotation marks omitted)); *see, e.g.*, *Certain v. Van Horst Gen. Contractors, LLC.*, No. 20-60395-CIV, 2020 WL 10618316, at *2 (S.D. Fla. Apr. 10, 2020) ("Plaintiffs' allegation that Defendant had two (2) or more employees handling or otherwise working with telephones, computers and other office supplies and materials that had been moved in commerce, which were used directly in furtherance of Defendant's commercial activity of construction is adequate at the pleading stage for the first prong of enterprise coverage." (citation omitted)); *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1293 (M.D. Fla. 2018) (concluding that plaintiff's enterprise coverage claim—which alleged that defendant's employees used tools and equipment including computers, pens, and paper that were moved in or produced for commerce—was sufficient to survive motion to dismiss).

Plaintiffs also allege that individual coverage exists under the FLSA due to them engaging in interstate commerce by communicating multiple times per day via telephone with customers and agents located in other states across the United States. DE 1 ¶¶ 7–14; *see St. Elien v. All Cnty. Env't Servs., Inc.*, 991 F.3d 1197, 1199 (11th Cir. 2021) (holding that, when an employee communicates with customers and vendors in a different state, that employee is "engaged in commerce" and is "individually covered by the FLSA"). Lastly, Plaintiffs assert that Defendants knowingly and willfully failed to pay minimum and overtime wages to Plaintiffs Copeland and Etiene and that Defendants knowingly and willfully failed to pay overtime wages to Plaintiffs Delgado and Barefoot. DE 1 ¶¶ 22–28. Accordingly, the Court finds that Plaintiffs have established Defendants' liability for the violations of the FLSA that they plead.

### III. Damages

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Atl. Corp. of Wilmington, Inc. v. TBG Tech Co. LLC*, No. 21-24317-CIV, 2022 WL 18495887, at *5 (S.D. Fla. Feb. 18, 2022) (quotation marks omitted). When making a damages determination, a court need not hold an evidentiary hearing to ascertain damages if all of the essential evidence is already in the record. *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.12 (11th Cir. 2005). "In other words, a court may award damages as long as the record contains evidence allowing the court to ascertain damages from mathematical calculations and detailed affidavits." *Haliburton v. MGMerk Stocking Inc.*, No. 2:19-CV-14261-KMM, 2020 WL 13369448, at *2 (S.D. Fla. Apr. 1, 2020) (quotation marks omitted). Having reviewed Plaintiffs' affidavits and after receiving clarification from Plaintiffs and Plaintiffs' counsel during the June 5th hearing, the Court determines that the record contains sufficient evidence for the Court to ascertain Plaintiffs' damages. The Court will address each Plaintiff in turn.

### A. Plaintiff Copeland

Plaintiff Copeland seeks unpaid minimum wage, unpaid overtime wage, and liquidated damages for five time periods. DE 64-1. The Court starts by determining Plaintiff Copeland's unpaid minimum wage damages. For the first time period, August 11, 2021, to September 30, 2021, Plaintiff Copeland seeks $5,296.91 in unpaid minimum wages. *Id.* He calculates this figure as the 84 hours per week he worked for 7.29 weeks without getting paid a minimum wage of $8.65 for those hours (84 x 7.29 x $8.65 = $5,296.91). *See id.* However, Plaintiff Copeland has only brought an FLSA claim against Defendants to recover unpaid minimum wages. *See* DE 1. As such,

Plaintiff Copeland can only recover the federal minimum wage of $7.25 per hour for his unpaid minimum wage damages. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 . . . shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."); 29 U.S.C. § 206(a)(1)(C) (establishing $7.25 as the federal minimum wage); *see also Sevares v. Am. Pipeline Constr., LLC*, No. 22-CV-21233, 2023 WL 3871524, at *7 (S.D. Fla. Feb. 28, 2023) ("Under the FLSA, Plaintiff is only entitled to recover unpaid minimum wages. The FLSA does not provide a basis for recovery of the agreed upon hourly rate of pay in excess of the [federal] minimum wage." (citation omitted)), *report and recommendation adopted*, No. 1:22-CV-21233-KMM, 2023 WL 3191256 (S.D. Fla. May 2, 2023); *Cortez v. Hellenic Republic, Inc.*, No. 0:24-CV-60999, 2025 WL 297362, at *3 (S.D. Fla. Jan. 8, 2025) ("Plaintiff has only brought an FLSA claim against Defendants for his unpaid minimum wages. As such, Plaintiff can only recover the federal minimum wage of $7.25 per hour." (citation omitted)), *report & recommendation adopted*, 2025 WL 297315 (S.D. Fla. Jan. 24, 2025); *Gorman v. Stealth Constr. US, Inc.*, No. 0:24-CV-60763, 2025 WL 580526, at *3 (S.D. Fla. Feb. 5, 2025), *report & recommendation adopted*, 2025 WL 578502 (S.D. Fla. Feb. 21, 2025). Accordingly, for the first time period, the Court only recommends awarding Plaintiff Copeland $4,439.61 in unpaid minimum wage damages ($7.25 x 7.29 x 84 = $4,439.61).

For the second time period, October 1, 2021, to July 31, 2022, Plaintiff Copeland claims $7,442.40 in unpaid minimum wage damages. DE 64-1. He calculates this figure as the 84 hours per week he worked for 8.86 weeks without getting paid Florida's minimum wage at the time of $10 per hour for those hours (84 x 8.86 x $10 = $7,442.40). *See id*. However, as previously explained, Plaintiff Copeland can only recover $7.25 for unpaid minimum wages under the FLSA.

7

Thus, for the second time period, the Court only recommends awarding Plaintiff Copeland $5,395.74 in unpaid minimum wage damages ($7.25 x 8.86 x 84 = $5,395.74).

For the third time period, November 16, 2021, to March 15, 2023, Plaintiff Copeland claims $383.85 in unpaid minimum wage damages. *Id.* He calculates this figure as the 84 hours per week he worked for 6.43 weeks and the difference between the $9.29 per hour he was paid and Florida's minimum wage at the time of $10 per hour (84 x 6.43 x ($10 – $9.29) = $383.49).[5] *See id.* However, Plaintiff Copeland can only recover $7.25 for unpaid minimum wages under the FLSA. Therefore, since Defendants paid Plaintiff Copeland at an hourly rate in excess of $7.25 for the third time period, the Court does not recommend awarding Plaintiff Copeland any unpaid minimum wage damages for the third time period.

For the fourth time period, December 16, 2021, to February 28, 2023, Plaintiff Copeland does not claim any unpaid minimum wage damages. For the fifth time period, March 1, 2023, to March 15, 2023, Plaintiff Copeland claims $297.13 in unpaid minimum wage damages. *Id.* However, for this fifth time period, Plaintiff Copeland claims he was paid at an hourly rate of $9.35 per hour. *Id.* As previously stated, Plaintiff Copeland cannot recover more than $7.25 per hour for unpaid minimum wages under the FLSA. As such, seeing as Defendants paid Plaintiff Copeland an hourly wage that exceeded $7.25 per hour for the fifth time period, the Court does not recommend awarding Plaintiff Copeland any unpaid minimum wages for the fifth time period. In total, the Court recommends awarding Plaintiff Copeland $9,835.35 in unpaid minimum wages.

Turning now to Plaintiff Copeland's unpaid overtime wage damages, the FLSA entitles an employee to compensation at one and one-half times the employee's regular rate for any hours

---

[5] At the June 5th hearing, Plaintiffs' counsel acknowledged that many of the damages claimed in Plaintiffs' affidavits are slightly higher or lower than what the correct calculations equate to, and Plaintiffs' counsel attributed the discrepancies to Excel using rounded numbers when creating Plaintiffs' calculations.

worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). For the first time period, Plaintiff Copeland worked 44 hours of overtime for 7.29 weeks and was paid nothing for those overtime hours. *See* DE 64-1. Plaintiff Copeland calculates his $12.98 overtime hourly rate as one and one-half times Florida's minimum wage at the time of $8.65, which is permissible. *See* 29 C.F.R. § 778.5 (stating that, for the purpose of calculating overtime compensation under the FLSA, an employee's regular rate "cannot be lower than such applicable [state] minimum, for the words 'regular rate at which he is employed' as used in [the FLSA] must be construed to mean the regular rate at which he is lawfully employed"); *Volpe v. VMSB LLC*, No. 23-CV-23888, 2025 WL 947508, at *8 n.2 (S.D. Fla. Mar. 28, 2025) (explaining that Florida's minimum wage was $8.65 from January 1, 2021, through September 29, 2021); *see also* § 448.110(3), (4)(a), Fla. Stat. (setting minimum wage as $6.15 per hour and increasing the rate annually on September 30 based on inflation). Since the Court recommends awarding Plaintiff Copeland $7.25 per hour for these overtime hours as unpaid minimum wages under the FLSA, the Court calculates Plaintiff Copeland's unpaid overtime wage damages utilizing the difference between Plaintiff Copeland's $12.98 overtime hourly rate and the $7.25 minimum wage the FLSA establishes, which is $5.73 ($12.98 – $7.25 = $5.73). Accordingly, the Court recommends awarding Plaintiff Copeland $1,837.95 in unpaid overtime wage damages for the first time period (44 x 7.29 x $5.73 = $1,837.95).

For the second time period, Plaintiff Copeland calculates his overtime wage damages using an overtime hourly rate of $15 per hour, which he calculates as one and one-half times Florida's minimum wage at the time of $10 per hour. *See* DE 64-1. Once again, this is permissible. *See* 29 C.F.R. § 778.5; Art. 10, § 24(c), Fla. Const. (establishing $10 minimum wage in Florida for September 30, 2021, through September 29, 2022). And since the Court previously recommended

9

awarding Plaintiff Copeland $7.25 per hour for these unpaid overtime hours as unpaid minimum wages under the FLSA, the Court calculates Plaintiff Copeland's unpaid overtime wage damages utilizing the difference between Plaintiff Copeland's overtime hourly rate of $15 and the $7.25 minimum wage the FLSA establishes, which is $7.75 ($15 – $7.25 = $7.75). Accordingly, the Court recommends awarding Plaintiff Copeland $3,021.26 in unpaid overtime wage damages for the second time period ($7.75 x 8.86 x 44 = $3,021.26).

For the third time period, Plaintiff Copeland again calculates his overtime wage damages using an overtime hourly rate of $15 per hour. *See* DE 64-1. Because Defendants paid Plaintiff Copeland $9.29 for these overtime hours, Plaintiff Copeland calculates the unpaid overtime wages he is owed as the difference between the two rates ($15 – $9.29 = $5.71). *See id.* Accordingly, the Court recommends awarding Plaintiff Copeland $1,615.47 in unpaid overtime wage damages for the third time period ($5.71 x 44 x 6.43 = $1,615.47).

For the fourth time period, Plaintiff Copeland calculates his overtime wage damages using an overtime hourly rate of $26.01, calculated as one and one-half times his regular hourly rate of $17.34 ($17.34 x 1.5 = $26.01). *See id.* Because Defendants paid Plaintiff Copeland $17.34 per hour for overtime hours during this time period, Plaintiff Copeland calculates the unpaid overtime wages he is owed as the difference between his $17.34 regular hourly rate and his $26.01 overtime hourly rate, which is $8.67 per hour ($26.01 – $17.34 = $8.67). Accordingly, because Plaintiff Copeland worked 44 hours of overtime for 58.44 weeks in the fourth time period, the Court recommends awarding Plaintiff Copeland $22,293.69 in unpaid overtime wage damages for the fourth time period ($8.67 x 44 x 58.44 = $22,293.69).

For the fifth time period, Plaintiff Copeland calculates his overtime wage damages using an overtime hourly rate of $16.50, calculated as one and one-half times Florida's minimum wage

10

at the time of $11 per hour. *See id.*; *see also* 29 C.F.R. § 778.5; Art. 10, § 24(c), Fla. Const. (establishing $11 minimum wage in Florida for September 30, 2022, to September 29, 2023). Since Defendants paid Plaintiff Copeland $9.35 per hour for the overtime hours he worked during this fifth time period, Plaintiff Copeland calculates the unpaid overtime wages he is owed as the difference between his paid hourly rate of $9.35 and his overtime hourly rate of $16.50, which is $7.15 ($16.50 – $9.35 = $7.15). Accordingly, because Plaintiff Copeland worked 44 hours of overtime for 2.14 weeks during this fifth time period, the Court recommends awarding Plaintiff Copeland $673.24 in unpaid overtime wage damages ($7.15 x 2.14 x 44 = $673.24). In total, the Court recommends awarding Plaintiff Copeland $29,441.61 in unpaid overtime wage damages.

Lastly, regarding liquidated damages, Plaintiff Copeland is entitled to liquidated damages on account of Defendants' failure to refute his allegation that they knowingly and willfully refused to pay him his minimum and overtime wages. *See* DE 1 ¶¶ 22, 24, 28; *Haliburton*, 2020 WL 13369450, at *2 (awarding plaintiff liquidated damages on default judgment for FLSA claim where defaulting defendants failed to meet their burden of demonstrating that liquidated damages were not warranted); *Pena v. Best Wholesale Grocers, LLC*, No. 23-CV-61116-RAR, 2023 WL 5095492, at *2 (S.D. Fla. Aug. 9, 2023) (explaining that plaintiff is entitled to liquidated damages when a defaulting employer fails to meet its burden of demonstrating that liquidated damages are not warranted). Accordingly, the Court recommends awarding Plaintiff Copeland $39,276.96 in liquidated damages. *See Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008) ("Under the FLSA a district court generally must award a plaintiff liquidated damages that are equal in amount to actual damages."). In total, the Court recommends awarding Plaintiff Copeland $78,553.92 in damages.

**B. Plaintiff Etiene**

Plaintiff Etiene seeks unpaid minimum wage, unpaid overtime wage, and liquidated damages for one time period: May 10, 2023, to September 4, 2023. DE 64-2. Starting with his unpaid minimum wage damages, Plaintiff Etiene claims $1,317.36 in unpaid minimum wages. *Id.* He calculates this figure by multiplying the 60 hours he worked per week for 15.86 weeks by the difference between his paid hourly rate of $9.62 and Florida's minimum wage at the time of $11 (60 hours x 15.86 x ($11 – $9.62) = $1,313.21). *See id.* However, Plaintiff Etiene only brought an FLSA claim against Defendants for his unpaid minimum wages. *See* DE 1. As such, Plaintiff Etiene can only recover the federal minimum wage of $7.25 per hour for his unpaid minimum wage claim. *See, e.g., Cortez*, 2025 WL 297362, at *3. Accordingly, since Defendants compensated Plaintiff Etiene at an hourly rate of $9.62, a rate in excess of $7.25 per hour, the Court does not recommend awarding Plaintiff Etiene any unpaid minimum wage damages.

Moving on to Plaintiff Etiene's unpaid overtime wage damages, the FLSA entitles an employee to compensation at one and one-half times the employee's regular rate for any hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). Plaintiff Etiene calculates his overtime wage utilizing Florida's minimum wage at the time of $11, *see* DE 64-2 at 2 (calculating his $16.50 overtime hourly rate as one and one-half times Florida's minimum wage of $11), which is permissible. *See* 29 C.F.R. § 778.5 (stating that, for the purpose of calculating overtime compensation under the FLSA, an employee's regular rate "cannot be lower than such applicable [state] minimum, for the words 'regular rate at which he is employed' as used in [the FLSA] must be construed to mean the regular rate at which he is lawfully employed"); Art. 10, § 24(c), Fla. Const. (establishing $11 minimum wage in Florida for September 30, 2022, to September 29, 2023). Accordingly, Plaintiff Etiene's unpaid overtime wage damages are properly calculated as

follows: the 15.86 weeks he worked multiplied by the 20 hours of overtime he worked each week multiplied by $6.88, the difference between what Defendants paid him for the overtime hours ($9.62) and his proper overtime hourly rate ($16.50). Using this calculation, the Court recommends awarding Plaintiff Etiene $2,182.34 in unpaid overtime wage damages (15.86 x 20 x $6.88 = $2,182.34).

Lastly, regarding liquidated damages, Plaintiff Etiene is entitled to liquidated damages on account of Defendants' failure to refute his allegation that they knowingly and willfully refused to pay him his overtime wages. DE 1 ¶¶ 23, 25, 28; *see, e.g.*, *Haliburton*, 2020 WL 13369450, at *2. Accordingly, the Court recommends awarding Plaintiff Etiene $2,182.34 in liquidated damages. *See Rodriguez*, 518 F.3d at 1272. In total, the Court recommends awarding Plaintiff Etiene $4,364.67 in damages.

### C. Plaintiff Delgado

Plaintiff Delgado seeks unpaid overtime wage and liquidated damages, and he seeks these damages for two time periods. For the first time period, January 1, 2023, to October 12, 2023, Plaintiff Delgado worked 21 hours of overtime for 39.71 weeks. DE 64-3. For these 833.91 hours of overtime (21 hours x 39.71 weeks = 833.91 hours), Plaintiff Delgado seeks $8.75 per hour, calculated as the difference between the hourly rate that Defendants paid him ($17.50) and his proper overtime hourly rate ($26.25). *See id.* This equates to $7,296.71, and the Court recommends awarding Plaintiff Delgado $7,296.71 in unpaid overtime wage damages for the first time period ($8.75 x 833.91 = $7,296.71).

For the second time period, December 1, 2021, to December 31, 2022, Plaintiff Delgado worked 28.5 hours of overtime for 55.57 weeks. *Id.* For these 1,583.75 hours of overtime (28.5 hours x 55.57 weeks = 1,583.75 hours), Plaintiff Delgado seeks $7.30 per hour, calculated as the

difference between the hourly rate that Defendants paid him ($14.60) and his proper overtime hourly rate ($21.90). *See id.* This equates to $11,561.38 ($7.30 x 1,583.75 = $11,561.38). However, Plaintiff Delgado made a major miscalculation in his affidavit because he only claims $5,133.21 in unpaid overtime wage damages for the second time period. *See id.* Plaintiff Delgado also made this same miscalculation in his statement of claim, which he made part of the Complaint. *See* DE 1-5 at 2; *Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes' . . . ." (quoting Fed. R. Civ. P. 10(c))). Since the miscalculation is part of the Complaint, Plaintiff Delgado can only obtain a default judgment for the amount he demanded in the Complaint. Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Accordingly, the Court only recommends awarding Plaintiff Delgado $12,430.36 in unpaid overtime wage damages, the maximum amount he demanded in the Complaint.[6]

Lastly, regarding liquidated damages, Plaintiff Delgado is entitled to liquidated damages on account of Defendants' failure to refute his allegation that they knowingly and willfully refused to pay him overtime wages. DE 1 ¶¶ 26, 28; *Haliburton*, 2020 WL 13369450, at *2. Accordingly, the Court recommends awarding Plaintiff Delgado $12,430.36 in liquidated damages to match his overtime wage damages. *See Rodriguez*, 518 F.3d at 1272. In total, the Court recommends awarding Plaintiff Delgado $24,860.72 in damages.

---

[6] At the hearing, the Court pointed out the mistake in Plaintiff Delgado's calculation to Plaintiff Delgado and his counsel. The Court then asked Plaintiff Delgado and his counsel how they wished to proceed. Plaintiffs' counsel informed the Court that Plaintiff Delgado wished to proceed with default judgment and to not attempt to rectify the miscalculation through an amended Complaint or otherwise.

14

**D. Plaintiff Barefoot**

Plaintiff Barefoot seeks unpaid overtime wage and liquidated damages, and he seeks those damages for two time periods. For the first time period, January 1, 2023, to March 15, 2023, Plaintiff Barefoot worked 17 hours of overtime for 9.57 weeks. DE 64-4. For these 162.69 hours (17 hours x 9.56 weeks = 162.69 hours), Plaintiff Barefoot claims he was not paid anything, and he seeks to be compensated at an overtime hourly rate of $25.96, which he calculated by multiplying his $17.31 hourly rate by one and one-half ($17.31 x 1.5 = $25.96). *See id.* Multiplying Plaintiff Barefoot's $25.96 overtime hourly rate by the 162.69 hours of overtime he worked equates to $4,223.43, and the Court recommends awarding Plaintiff Barefoot $4,223.43 in unpaid overtime wage damages for the first time period ($25.96 x 162.69 = $4,223.43).

For the second time period, August 1, 2022, to December 31, 2022, Plaintiff Barefoot worked 17 hours of overtime for 20.86 weeks. *See id.* For these 354.62 hours (17 hours x 20.86 weeks), Plaintiff Barefoot claims he was not paid anything, and he seeks compensation at an overtime hourly rate of $21.63, which he calculated by multiplying his $14.42 regular hourly rate by one and one-half ($17.31 x 1.5 = $21.63). *See id.* Multiplying Plaintiff Barefoot's $21.63 overtime hourly rate by the 354.62 hours of overtime he worked equates to $7,670.43, and the Court recommends awarding Plaintiff Barefoot $7,670.43 in unpaid overtime wages for the second time period ($21.63 x 354.62 = $7,670.43). In total, the Court recommends awarding Plaintiff Barefoot $11,893.86 in unpaid overtime wage damages.

Lastly, regarding liquidated damages, Plaintiff Barefoot is entitled to liquidated damages on account of Defendants' failure to refute his allegation that they knowingly and willfully refused to pay him overtime wages. DE 1 ¶¶ 27, 28; *Haliburton*, 2020 WL 13369450, at *2. Accordingly, the Court recommends awarding Plaintiff Barefoot $11,893.86 in liquidated damages to match his

overtime wage damages. *See Rodriguez*, 518 F.3d at 1272. In total, the Court recommends awarding Plaintiff Barefoot $23,787.72 in damages.

## IV. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiffs' Verified Motion for Default Judgment [64] and entering default judgment against Defendants, jointly and severally, in the total amount of $131,567.03. Specifically, the Court recommends awarding Plaintiff Copeland $78,553.92 in damages, Plaintiff Etiene $4,364.67 in damages, Plaintiff Delgado $24,860.72 in damages, and Plaintiff Barefoot $23,787.72 in damages.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 15th day of July, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE