UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60719-LEIBOWITZ/AUGUSTIN-BIRCH

**GEORGE RONALD COPELAND,** *et al.***,**

    **Plaintiffs,**

v.

**BDC UNITED LLC,** *et al.***,**

    **Defendants.**
_____/

REPORT AND RECOMMENDATION ON
PLAINTIFFS' MOTION FOR COSTS AND MOTION FOR ATTORNEY'S FEES

This cause comes before the Court on Plaintiffs' Motion for Bill of Costs and Motion for Attorney's Fees. DE 75; DE 78. The Honorable David S. Leibowitz, United States District Judge, referred both Motions to the undersigned United States Magistrate Judge for a report and recommendation. DE 80. Defendants have not responded to Plaintiffs' Motions, and the time for Defendants to do so has passed. Having carefully considered the record and the briefing and being otherwise fully advised, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiffs' Motion for Bill of Costs [DE 75] and Plaintiffs' Motion for Attorney's Fees [DE 78].

**I. Background**

Plaintiffs George Ronald Copeland, Bernadin Etiene, Lester Delgado, and Rusty Barefoot sued Defendants BDC United LLC, Melanie Cahow, and Joseph Callejo under the Fair Standards Labor Act ("FLSA") for failing to pay them minimum and overtime wages. DE 1. Defendants appeared in this matter and answered Plaintiffs' Complaint. DE 16. However, after Defendants' counsel withdrew from this matter and Defendant BDC United—a company unable to proceed pro se—failed to timely obtain substitute counsel, Judge Leibowitz ordered the Clerk's Office to enter a

default as to Defendant BDC United. DE 33; DE 42. Defendants Cahow and Callejo later failed to appear for a status conference before Judge Leibowitz and also failed to respond to Judge Leibowitz's order to show cause regarding their failure to appear at that status conference. As a result, Judge Leibowitz permitted Plaintiffs to move for a clerk's entry of default as to Defendants Cahow and Callejo. DE 57; DE 58. Plaintiffs subsequently moved for, and obtained, a clerk's entry of default as to Defendants Cahow and Callejo. DE 59; DE 60. With all Defendants in default, Plaintiffs moved for, and obtained, final default judgment against Defendants. DE 64; DE 74. Now, Plaintiffs have moved to recover their costs and attorney's fees. DE 75; DE 78.

## II. Costs and Attorney's Fees

Having obtained final default judgment in their favor, Plaintiffs are the prevailing party in this FLSA matter. *See Caplan v. C4S LLC*, No. 22-CV-20285, 2023 WL 3026619, at *2 (S.D. Fla. Apr. 4, 2023) ("Plaintiff is the prevailing party because his Motion for Final Default Judgment was granted."), *report and recommendation adopted*, No. 22-CV-20285, 2023 WL 3026057 (S.D. Fla. Apr. 20, 2023). As such, Plaintiffs are entitled to recover their costs and attorney's fees. *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1306 (S.D. Fla. 2009) ("It is well established that a prevailing FLSA plaintiff is entitled to recover attorneys' fees and costs, based upon the plain language of the FLSA . . . ." (citing 29 U.S.C. § 216(b))). The Court will evaluate Plaintiffs' costs and attorney's fees in turn.

### A. Costs

Plaintiffs seek to recover $929 in costs, consisting of the $405 filing fee and $524 in service of process costs. DE 75. The costs awardable under the FLSA are those enumerated in 28 U.S.C. § 1920. *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648 (S.D. Fla. 2007) ("Courts in the Eleventh Circuit read [Supreme Court precedent] to require that cost awards under the FLSA be limited to the costs enumerated in § 1920."). Filing fees are recoverable under 28 U.S.C. § 1920.

2

*Incarcerated Ent., LLC v. Cox*, No. 18-21991-CIV, 2019 WL 8989846, at *1 (S.D. Fla. Nov. 4, 2019) ("Plaintiff seeks $400.00 for the clerk's filing fee incurred in initiating the action. This cost is recoverable under 28 U.S.C. § 1920."). Thus, Plaintiffs can recover the $405 filing fee.

Service of process fees paid to private process servers are also recoverable under 28 U.S.C. § 1920, provided the process server's rate does not exceed $65.00 per item served—the rate the United States Marshal charges to effectuate service. *Club Madonna, Inc. v. City of Mia. Beach*, No. 16-25378-CIV, 2022 WL 16701244, at *2 (S.D. Fla. Oct. 12, 2022), *report and recommendation adopted*, No. 16-25378-CIV, 2022 WL 16701615 (S.D. Fla. Nov. 3, 2022). Plaintiffs' cost records indicate that Plaintiffs' process server charged $54 per item served and that Plaintiffs' process server served six items, for a total of $324. DE 75-1. Plaintiffs' process server also charged $100 per hour for waiting time, totaling $200 for two hours of waiting. *Id.* at 3. A process server's waiting time is recoverable so long as the charge does not exceed $65 per hour. *See Walker v. Grampa's Real Est. Inc.*, No. 20-CV-61557, 2022 WL 1157423, at *2 (S.D. Fla. Apr. 2, 2022) (concluding that waiting time costs incurred in connection with service of process are recoverable at a rate of $65 per hour in accordance with 28 C.F.R. § 0.114(a)(3)), *report and recommendation adopted*, No. 0:20-CV-61557-WPD, 2022 WL 1154764 (S.D. Fla. Apr. 19, 2022). Accordingly, Plaintiffs can recover $324 in service costs and $130 in waiting time costs, for a total of $454 in service of process costs. In total, the Court recommends awarding Plaintiffs $859 in costs.

**B. Attorney's Fees**

To determine reasonable attorney's fees, the Court must employ the "lodestar" method. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The first step of the lodestar method is determining a reasonable rate. *Id.* After determining a reasonable hourly rate, the second step of the lodestar method is to arrive at the total hours reasonably expended. *Id.* at 1301. The last step of the lodestar method is to calculate the lodestar amount, which "is determined

by multiplication of a reasonable hourly rate times hours reasonably expended." *Id.* at 1302. The Court will address these steps in turn.

### 1. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299. The attorney moving to receive his or her fees bears the burden of justifying the reasonableness of the requested rate. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) ("In seeking some basis for a standard, courts properly have required prevailing attorneys to justify the reasonableness of the requested rate or rates. To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."). Moreover, courts are considered experts on the matter of reasonable hourly rates for attorneys and may rely on their own knowledge and experience when determining a reasonable hourly rate. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

Here, Plaintiffs seek to recover attorney's fees for two attorneys: Attorney Elliot Kozolchyk and Attorney Dillon Cuthbertson. DE 78 at 4. Attorney Kozolchyk billed at an hourly rate of $450, and Attorney Cuthbertson billed at an hourly rate of $300. *Id.*; *see also* DE 78-1 at 6. This Court has consistently found $375 to be a reasonable hourly rate for Attorney Kozolchyk. *See, e.g.*, *Allen v. Nat'l Pool Partners Inc.*, No. 0:24-CV-61352, 2025 WL 2144428, at *2 (S.D. Fla. Mar. 10, 2025) ("[T]he undersigned has concluded that an hourly rate of no more than $375 is reasonable for Attorney Kozolchyk."), *report & recommendation adopted*, 2025 WL 2144678 (S.D. Fla. Mar. 27, 2025); *Leon v. Grass Roots Complete LLC*, No. 0:24-CV-60474, 2025 WL 746846, at *3 (S.D. Fla. Feb. 25, 2025) ("This Court has held that an hourly rate of $375 is reasonable for Attorney Kozolchyk and will

4

continue to utilize that rate as his reasonable hourly rate."). The Court sees no reason to find a higher hourly rate reasonable at this time. Accordingly, $375 is a reasonable hourly rate for Attorney Kozolchyk.

As for Attorney Cuthbertson, the Court has previously found $250 to be a reasonable hourly rate. *Leon*, 2025 WL 746846, at *3; *Keefe v. Britt's Bow Wow Boutique, Inc.*, No. 0:22-CV-62138, 2025 WL 3282441, at *3 (S.D. Fla. Nov. 17, 2025). The Court sees no reason to find a higher hourly rate reasonable at this time. Accordingly, $250 is a reasonable hourly rate for Attorney Cuthbertson.

### 2. Hours Reasonably Expended

Attorney Kozolchyk billed 50 hours for work on this matter, and Attorney Cuthbertson billed 16.1 hours. DE 78-1 at 6. However, Attorneys Kozolchyk and Cuthbertson have voluntarily agreed to reduce their total hours billed by 9.6%. *Id.* This results in a total of 45.6 billed hours for Attorney Kozolchyk and a total of 14 billed hours for Attorney Cuthbertson. *Id.* After reviewing counsel's billing records, the Court identified some hours that the Court would normally recommend excluding from a fee award. For instance, Attorney Kozolchyk billed to update his clients about the status of their case on several occasions. *See, e.g.*, *id.* (Attorney Kozolchyk billing .3 hours on August 1, 2025, to update his clients about the case). In the past, this Court has recommended excluding such hours from an award of attorney's fees. *See Santiago v. Peacock's 17, LLC*, No. 0:22-CV-62272, 2024 WL 582880, at *4 (S.D. Fla. Jan. 29, 2024) (recommending excluding hours billed to update client about status of case from attorney's fee award), *report and recommendation approved*, No. 22-CV-62272, 2024 WL 580358 (S.D. Fla. Feb. 13, 2024). Nonetheless, after reviewing counsel's billing records, the Court concludes that Attorneys Kozolchyk and Cuthbertson's voluntary reduction meets or exceeds the hours the Court would have recommended excluding. The Court further concludes that the 45.6 hours Attorney Kozolchyk billed and the 14 hours Attorney Cuthbertson billed are reasonable and commensurate with the work this case necessitated. Specifically, there are four Plaintiffs in this

matter, which multiplied the work required of their counsel. Accordingly, the 45.6 hours Attorney Kozolchyk billed and the 14 hours Attorney Cuthbertson billed, after voluntarily reducing the hours billed, are reasonable.

### C. Lodestar Amount

The Court utilizes the following table to calculate the lodestar amount:

|  | Hourly Rate | Reasonable Hours | Total |
| --- | --- | --- | --- |
| **Attorney Kozolchyk** | $375 | 45.6 | $17,100 |
| **Attorney Cuthbertson** | $250 | 14 | $3,500 |

### III. Recommendation

For the foregoing reasons, the Court **RECOMMENDS GRANTING IN PART AND DENYING IN PART** Plaintiffs' Motion for Bill of Costs [DE 75] and Plaintiffs' Motion for Attorney's Fees [DE 78]. The Court recommends awarding Plaintiffs $859 in costs and $20,600 in attorney's fees, for a total award of $21,459.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 22nd day of December, 2025.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE